**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel., GREGORY W. THORPE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> GLAXOSMITHKLINE PLC, et al. <br><br> Defendants. | Civil Case No. 03-10641-RWZ <br> Civil Case No. 03-10398-RWZ |
| GREGORY THORPE and BLAIR HAMRICK, <br><br> Plaintiffs, <br><br> v. <br><br> CROSS & BENNETT, L.L.C., KEITH F. CROSS and JOSEPH F. BENNETT, <br><br> Defendants. | Civil Case No. 12-11632-RWZ |

**CROSS & BENNETT L.L.C., KEITH F. CROSS
AND JOSEPH F. BENNETT'S OPPOSITION TO MOTION OF
THORPE AND HAMRICK FOR CONSOLIDATION AND CHANGE OF VENUE**

Cross & Bennett, L.L.C. ("Cross & Bennett"), Keith F. Cross ("Cross") and Joseph F. Bennett ("Bennett"), through their counsel, hereby respond to Relators Gregory W. Thorpe ("Thorpe") and Blair Hamrick's ("Hamrick") Motion for Consolidation and Change of Venue as follows:

In sum and with all due respect, Thorpe and Hamrick's motion for consolidation and transfer of venue is thinly disguised gamesmanship and forum shopping. Most significantly, they fail to articulate *any circumstances* that have changed in the seven weeks since they filed

their malpractice complaint, as required to support transfer of venue by a plaintiff. Thorpe and Hamrick's motion is designed to (i) evade the case management approach expressed by Judge Zobel at the September 27, 2012 hearing; (ii) avoid tainting their retaliatory discharge claims with their bad faith conduct toward Cross & Bennett; and (iii) delay recovery by Cross & Bennett for as long as possible. For these reasons and as more fully set forth below, Thorpe and Hamrick's motion should be denied.

> I.  **Thorpe and Hamrick's Desire To Avoid Litigating Cross & Bennett's Claim For Attorneys' Fees Before This Court Is Not A Cognizable "Change Of Circumstances" Permitting Transfer**

Seven weeks ago, Cross & Bennett filed its Motion to Intervene [Dkt. 111] in Civil Case No. 03-10641-RWZ (the "*Qui Tam* Action"), seeking to protect, enforce, and reduce to judgment its attorney's lien on Thorpe and Hamrick's share of the settlement obtained in the *Qui Tam* Action. The next day, Thorpe and Hamrick filed a related malpractice action, Civil Case No. 12-11632-RWZ, against Cross & Bennett, Cross, and Bennett, also in this forum (the "Malpractice Action"). Notwithstanding their absolute right to have filed the Malpractice Action in a Colorado court, Thorpe and Hamrick chose to file in Massachusetts.

Thorpe and Hamrick now challenge both Cross & Bennett's and their own choice of Massachusetts as a forum. A plaintiff moving to transfer venue pursuant to 28 U.S.C. § 1404(a) has "already had an opportunity to choose the venue when filing the action." *Ferrostaal, Inc. v. Union Pacific R. Co.*, 109 F.Supp.2d 146, 151 (S.D.N.Y. 2000). Therefore -- as case after case holds -- a plaintiff moving to transfer "must demonstrate, *inter alia*, that *after the action was*

*filed there was a change of circumstances that warrants transferring* the action to the transferee forum." *Id.* (emphasis added).[1]

Thorpe and Hamrick have not alleged any change of circumstances in the last seven weeks, nor can they, that would warrant now transferring these matters to the District of Colorado. The parties, witnesses and relevant documents remain where they were on August 31, 2012. The legal issues are no different. The law to be applied is exactly the same. Even in the absence of a change of circumstances, Thorpe and Hamrick nonetheless ask that their decision to file in Massachusetts be set aside and that the case be transferred to Colorado, allegedly because transfer was their intention all along.[2] However, Thorpe and Hamrick's malpractice complaint does not mention this purported intention. To the contrary, it recites the strong basis for venue in Massachusetts. Moreover, Thorpe and Hamrick's counsel failed to inform the Court during the

---

[1] *See also Great Western Min. & Mineral Co. v. ADR Options, Inc.*, --- F.Supp.2d ----, 2012 WL 406327, *6-7 (D.N.J. Feb. 8, 2012) (denying plaintiff's motion to transfer and awarding defendant its costs and expenses where "[p]laintiff has offered little, if anything, to suggest that any circumstances have changed since it filed this action that would warrant its transfer to the Eastern District of Pennsylvania."); *Ferrostaal, Inc. v. M/V EAGLE*, No. 02 Civ. 1887, 2003 WL 21496689, *2 (S.D.N.Y. June 30, 2003) ("In all, plaintiff has failed to demonstrate a change of circumstances sufficient to warrant transfer to Texas."); *Warner-Lambert Co. v. Apotex Corp.*, No. 98 C 4293, 2001 WL 854854, *2 (N.D. Ill. July 27, 2001) ("Since Plaintiff chose Illinois as the forum in the first place, Plaintiff must demonstrate a 'change in circumstance that has occurred since the filing of the action which warrant a change of venue.'"); *Rappoport v. Steven Spielberg, Inc.*, 16 F.Supp.2d 481, 501-02 (D.N.J. 1998) ("Rappoport has offered little in support of his motion to suggest that relevant information regarding the proper venue for this action was not known to him or easily ascertainable by him at the time the Complaint and the Amended Complaint were filed . . . . Rappoport did not suggest that any circumstances have changed since the time he filed the Complaint, other than the fact he has become more familiar with the applicable law.")

[2] Thorpe and Hamrick incredibly claim that "by filing [in Massachusetts], Relators sought to place all related claims in Massachusetts so that this court could decide, once and for all, whether it is appropriate to transfer the attorney-client disputes back to Colorado."

3

September 27, 2012 status conference of their ostensibly long-standing plan to move to transfer, despite full opportunity to do so.

It seems far more likely that Thorpe and Hamrick were initially happy to litigate this matter in Massachusetts, until the September 27, 2012 status conference where Judge Zobel began to articulate her views on case management and demonstrated her willingness and intent to firmly manage this litigation, including consolidating matters in the first-filed *Qui Tam* Action and working to keep the case progressing.  This approach apparently did not square with Thorpe and Hamrick's interest in compartmentalizing its various related litigations[3] and delaying payment to Cross & Bennett for as long as possible.[4]  Nothing other than this status conference has happened since Thorpe and Hamrick filed their malpractice case.  There is no changed "circumstance" other than Thorpe and Hamrick's newfound awareness of Judge Zobel's willingness to actively and expeditiously manage these cases.  Presumably, following the initial status call and having heard what Judge Zobel intended, Thorpe and Hamrick decided that they might have more success with a Colorado judge who is less familiar with the underlying *Qui Tam* Action and the witnesses who will appear on behalf of Cross & Bennett, including Sara Bloom, the lead AUSA in the *Qui Tam* Action.  Bloom is likely to have testimony favorable to Cross & Bennett and perhaps Thorpe and Hamrick fear that she will have more credibility in the

---

[3] Thorpe and Hamrick now insist that the retaliatory discharge and fee/malpractice matters be heard by different courts.  Thorpe and Hamrick are evidently concerned that their conduct *vis a vis* Cross & Bennett might compromise their credibility on other matters pending before this Court.  However, Thorpe and Hamrick's transparent desire to avoid the collateral consequences of their own actions cannot support transfer to another jurisdiction.

[4] As set forth more fully in Cross & Bennett's Opposition to Thorpe and Hamrick's Motion to Strike Lien at 18 [Dkt. 115], Thorpe boasted by e-mail in 2009 of his "endless" legal options against Cross & Bennett and that, while Cross & Bennett may be awarded fees, he "will have the money to fight you as long as you want or Counsel willing to do it."

District of Massachusetts than in the District of Colorado, where she is less known. Thorpe and Hamrick's obvious forum shopping is inappropriate, inconsistent with § 1404(a) and should not be countenanced by this or any other court.

If, as they claim, Thorpe and Hamrick were always committed to having a Colorado court decide both their malpractice claims and Cross & Bennett's claim for attorneys' fees, then they could have and should have filed the Malpractice Action in Colorado. This is obvious and irrefutable. Thorpe and Hamrick could then have moved this Court to transfer Cross & Bennett's claim for attorneys' fees to Colorado, along with any monies deposited with the Court. Even if they were unsuccessful on their motion to transfer, they could have dismissed their Colorado action and counterclaimed in the Massachusetts action, achieving the consolidation they desire.

Nonetheless, and for whatever the reason, Thorpe and Hamrick decided to bring this matter in Massachusetts and not in Colorado. They "already had an opportunity to choose the venue when filing the action," *Ferrostaal*, 109 F.Supp.2d at 151. Absent the required showing of a change of circumstances, Thorpe and Hamrick must now abide that decision. Their failure to allege a change of circumstances, coupled with their transparent attempt to "game" the fora for their various claims, dooms their request for transfer. Accordingly, the Court should deny their motion without further consideration of its merits.

**II.   Even If The Court Undertakes Its Traditional § 1404(a) Analysis, Transfer To Colorado Is Not Warranted**

Even if the Court considers the traditional factors for transfer under § 1404(a) -- and it should not -- the claims of Cross & Bennett and Thorpe and Hamrick should not be transferred to Colorado.

*First*, Colorado is no more convenient for the parties and witnesses than Massachusetts. Indeed, of all the parties and potential witnesses, only Cross and Bennett and perhaps Colorado

AUSA, Edwin Winstead, reside in Colorado. Neither Cross nor Bennett has claimed Colorado to be a more convenient forum; indeed, they have affirmatively chosen to bring their claims in Massachusetts -- the forum which is currently presiding over all claims and issues related to the *Qui Tam* Action. The other parties and witnesses identified by Thorpe and Hamrick live throughout the country, including Arkansas, Florida, Washington, D.C., Pennsylvania, Texas, and California. All would be required to fly to either Massachusetts or Colorado, thereby making both Massachusetts and Colorado equally convenient (or inconvenient).

*Second*, the interests of justice are not served by transfer to Colorado. To wit:

- This Court oversaw the settlement of the *Qui Tam* Action and is, therefore, more familiar than the District of Colorado with the legal issues in that case. In contrast, the District of Colorado did not play a substantial role. Rather, that court acted principally to grant extensions of the seal, while the matter was being investigated and litigated principally out of the United States Attorneys' Office for the District of Massachusetts.

- Thorpe and Hamrick now allege that Colorado is the proper forum for this action, because, *inter alia*, Cross and Bennett are Colorado attorneys and Thorpe was once a Colorado citizen. Notably, Cross and Bennett prefer to litigate these issues in Massachusetts given this court's history with the *Qui Tam* Action and Thorpe is no longer a Colorado citizen. Further, Thorpe and Hamrick's position is undermined by their malpractice complaint, which alleges Massachusetts' centrality to this dispute. (*See* Malpractice complaint ¶ 19.)

- While the claims at issue here are governed by Colorado law, this Court is perfectly capable of applying that law. *See Ashmore v. Northeast Petroleum Div. of Cargill, Inc.*, 925 F.Supp. 36, 39 (D. Me. 1996) ("It is also of no consequence that this Court has determined that Massachusetts law will apply. Choice of law is a separate consideration that should not be confused with a venue analysis. This Court has noted that federal courts are able to apply the law of other jurisdictions."). Indeed, contrary to Thorpe and Hamrick's contention, the matters before this court are not novel, but rather a straightforward claim for *quantum meruit* and a predictable retaliatory legal malpractice claim.

- By consolidating and transferring these actions, Thorpe and Hamrick seek to rob Cross & Bennett of its choice of forum. *See, e.g., Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508 (1947) ("[T]he plaintiff's choice of forum should rarely be disturbed."). This is especially problematic given that Cross & Bennett filed its Notice of Intention to Enforce Attorney's Lien in this Court on July 25, 2012 and

- its Motion to Intervene in the *Qui Tam* Action on August 30, 2012, *before* Thorpe and Hamrick filed the Malpractice Action. *See Cianbro Corp. v. Curran-Lavoie, Inc.,* 814 F.2d 7, 11 (1st Cir. 1987) ("Where identical actions are proceeding concurrently in two federal courts . . . the first filed action is generally preferred in a choice-of-venue decision.").

- In July 2012, Cross & Bennett retained Allison Burroughs, Esq. to prosecute its claim for attorneys' fees, who has already devoted substantial time to this matter. If transfer were affected, Cross & Bennett would be required to retain Colorado counsel and incur significant expense to bring new counsel up to speed, including familiarizing himself or herself with the voluminous e-mails associated with this matter.[5] The continued involvement of Burroughs would cause Cross & Bennett to incur substantial travel expenses. The cost of this litigation is already difficult for Cross & Bennett, especially given that they have received no payment for the seven plus years of work that they put into the *Qui Tam* Action prior to being terminated by Thorpe and Hamrick. *See Ashmore*, 925 F. Supp. at 39 ("The relative financial strength of the parties to absorb the costs of litigation is a consideration in a transfer of venue analysis.")

- Because Thorpe and Hamrick filed the Malpractice Action in Massachusetts, George Berman, Esq. has been retained as malpractice counsel and has also spent considerable time on this matter. It would be highly prejudicial for Cross & Bennett to have to retain replacement Colorado counsel.

- In contrast, there is no prejudice to Thorpe and Hamrick by litigating in Massachusetts. Indeed, they have received tens of millions of dollars in settlement money, already have Massachusetts counsel, and are already pursuing their retaliatory discharge claims in this forum. It is difficult for them to seriously allege prejudice when this is the very forum they originally chose.

If reviewed on its merits, Thorpe and Hamrick's request for transfer should be denied both because (i) Colorado is no more convenient for the parties and witnesses than Massachusetts, and (ii) the "interests of justice" do not favor transfer.

---

[5] Although Cross & Bennett had, at one point, retained Colorado counsel, she never did a thorough review of the file or otherwise expended significant attorney time, as the *Qui Tam* Action remained under seal during the course of her representation.

### III. Consistent With Statements By Judge Zobel At The September 27, 2012 Status Conference And Cross & Bennett's Motion To Consolidate, The <u>Malpractice Action Should Be Consolidated Into The *Qui Tam* Action</u>

Judge Zobel made clear at the September 27, 2012 status conference that the retaliatory discharge claims, fee claim, and malpractice claims may proceed under the existing *Qui Tam* Action. Notwithstanding this, Thorpe and Hamrick devote the bulk of their motion to re-arguing the same points rejected by the Court at the status conference. For the reasons set forth in Cross & Bennett's Motion to Consolidate [Dkt. 120], Thorpe and Hamrick's malpractice claims should be consolidated into the *Qui Tam* Action.

Thorpe and Hamrick erroneously assert that consolidating all claims into the *Qui Tam* Action will lead to confusion, delay, and prejudice. Not surprisingly, they are unable to cite a single case so holding. The parties and counsel here are sophisticated and more than capable of determining which filings relate to which claims. Moreover, the Court is quite able to manage complicated cases, with many more parties and moving parts than presented by these matters.

Thorpe and Hamrick's suggestion that the Court will need to convene private hearings with one set of parties (and not others) is far-fetched. Similarly, their notion that "neither case should be discussed in the presence of the United States, the Medicaid Participating States, and Relators Gerahty and Burke, all of whom are still counsel of record in Case No. 03-10641/11-10398" is nonsensical. After all, the *Qui Tam* Action is no longer under seal. What remains are presumptively public claims. Filings in this Court are available to all, unless specifically ordered by the Court. Thorpe and Hamrick may not compartmentalize their various causes of action or shield their pleadings from review by either Cross & Bennett or GSK absent extraordinary circumstances, none of which are present here.

## **CONCLUSION**

For the foregoing reasons, the Court should deny the Motion of Thorpe and Hamrick for Consolidation and Change of Venue in its entirety.

Respectfully submitted,

CROSS & BENNETT, L.L.C.

By their attorneys,

/s/ Allison D. Burroughs
Allison D. Burroughs (BBO # 609346)
Benjamin L. Mack (BBO # 661590)
NUTTER, McCLENNEN & FISH, LLP
155 Seaport Boulevard
Boston, MA  02110
(617) 439-2775
aburroughs@nutter.com
bmack@nutter.com
(counsel of record in
Civil Case No. 03-10641 RWZ)


Respectfully submitted,

CROSS & BENNETT, L.L.C., KEITH CROSS,
AND JOSEPH BENNETT

By their attorneys,

/s/ Alan K. Tannenwald
George A. Berman (BBO # 040200)
Alan K. Tannenwald  (BBO # 672375)
PEABODY & ARNOLD LLP
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 02210
(617) 951-2100
gberman@peabodyarnold.com
atannenwald@peabodyarnold.com
(counsel of record in
Civil Case No.1:12-11632-RWZ)

**CERTIFICATE OF SERVICE**

   I hereby certify that, on October 23, 2012 this document (filed through the ECF system) will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated:  October 23, 2012      /s/ Allison D. Burroughs