IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.*, GREGORY W. THORPE, *et al.* Plaintiffs v. GLAXOSMITHKLINE PLC, *et al.* Defendants | CASE NO. 03-10641-NG-RWZ CASE NO. 11-10398-NG-RWZ and |
| GREGORY THORPE AND BLAIR HAMRICK, Plaintiffs, v. CROSS & BENNETT, LP, KEITH F. CROSS AND JOSEPH F. BENNETT, Defendants | CASE NO. 12-11632-RWZ |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION
OF THORPE AND HAMRICK FOR CONSOLIDATION
AND CHANGE OF VENUE**

Relators Thorpe and Hamrick (hereafter "Relators") submit this memorandum of law in support of their Motion to Consolidate and Change Venue. As set forth herein, the disputes between Relators and their former counsel, Cross & Bennett, arise from a single set of operative facts and should be consolidated into a single action and litigated separately from the retaliatory discharge claims that remain pending in Case No. 03-10641/11-10398. Further, while venue over the attorney-client disputes is proper in this Court, Relators believe there is good cause under 28 U.S.C. § 1404(a) to transfer the attorney-client disputes to the United States District Court for the District of Colorado, once they have been consolidated.

4665380

## INTRODUCTION

The consolidated *qui tam* case at Case No. 03-10641/11-10398 is settled as between the United States, the Medicaid Participating States, and GSK. The United States and the Medicaid Participating States will soon exit this proceeding. All that will then remain are the retaliatory discharge claims brought by Relators against GSK under §3730(h) of the federal False Claims Act. GSK has filed an answer to those claims and a scheduling conference and scheduling order are expected soon.

On August 31, 2012, Relators filed a detailed malpractice complaint against their former counsel in this matter, Cross & Bennett. Relators allege in that action, among other things, that Cross & Bennett cost them half of their relator's share by failing to plead their *qui tam* claims properly. The malpractice complaint is pending in this District at case number 12- 11632-RWZ. It was served on September 19, 2012. A response is due on or before October 26, 2012.[1]

Cross & Bennett represented the Relators as *qui tam* counsel pursuant to a contingent fee agreement. The law firm filed a *qui tam* complaint on behalf of Relators at Case No. 03-0008-WYD-BNB in the District of Colorado, where Cross & Bennett has its offices and where both Thorpe and Hamrick lived at the start of the representation. The District of Colorado managed the case from January 2003 until March 2011.

In October 2009, the Relators discharged Cross & Bennett for cause. Following a hearing, the District of Colorado granted a motion for Cross & Bennett to withdraw as counsel.

---

[1] Contrary to Cross & Bennett's position, the consolidated *qui tam* case at Case No. 03-10641/11-10398 has nothing to do with the facts and legal issues involved in the dispute between Relators and Cross & Bennett. Case No. 03-10641/11-10398 is not the first filed action with respect to the disputes between Relators and Cross & Bennett. The notice of attorney's lien filed in Case No. 03-10641/11-10398 is merely a notice and is neither a complaint nor any sort of application for judicial relief.

Cross & Bennett then filed a notice of attorney's lien in Case No. 03-0008-WYD-BNB under Colorado's attorney's lien statute.

When a settlement with GSK became probable, it made sense to consolidate Relators' case in Colorado with a related *qui tam* case in the District of Massachusetts (case No. 03-10641) so that all *qui tam* claims against GSK could be resolved in one court, at one time. In March 2011, Relators' case was transferred from the District of Colorado to the District of Massachusetts at Case No. 11-10398. It was consolidated with Case No. 03-10641 in April 2011. In September 2011, the consolidated *qui tam* case at Case No. 03-10641/11-10398 was re-assigned from Judge Gertner to Judge Zobel. In July 2012, Cross & Bennett re-filed its notice of line in Case No. 03-10641/11-10398 by way of a notice of intent to enforce attorney's lien.

As this Court observed during the conference call on September 27, 2012, the dispute between Cross & Bennett and the Relators is not related in any way to the Relator's claims against GSK. For that reason, Cross & Bennett's proposed complaint for a fee does not belong under the same caption and docket number as the retaliatory discharge claims. Instead, Cross & Bennett's proposed fee claim, which is not yet filed or served but which arises out of the same nucleus of facts as Relators' malpractice action, belongs with the Relators' existing malpractice claim against Cross & Bennett. Indeed, Rule 13 requires that it be filed as a compulsory counterclaim to the prior-pending malpractice claim.

Once all of the attorney-client issues have been consolidated in one matter, Relators believe that this Court should transfer the entirety of that matter back to Colorado where the attorney-client relationship started and ended, and where the courts and community have a much greater interest in the outcome of the dispute.

## PROCEDURAL AND FACTUAL BACKGROUND

The settlement of the *qui tam* aspects of Case No. 03-10641/11-10398 was announced on July 2, 2012. Relators served GSK with Relators' complaint as of July 16, 2012, for purposes of proceeding on the retaliatory discharge claims only. GSK filed and served its answer on September 21, 2012.

On July 25, 2012, Cross & Bennett filed a notice of intention to enforce its attorney's lien in the consolidated *qui tam* cases at Case No. 03-10641/11-01398. *See* Docket No. 107. On August 1, 2012, Relators filed a response to Cross & Bennett's notice of intention to enforce attorney's lien. *See* Docket No. 108. On August 9, 2012, Cross & Bennett filed a reply in support of its notice of intention to enforce attorney's lien. In its reply, Cross & Bennett took the position that it is due 40% of the Relators' share, that is, the full fee it would have earned had it actually handled the *qui tam* matter to completion, which it did not. *See* Docket Nos. 109 and 110.

On August 30, 2012, Cross & Bennett filed a motion to intervene in this consolidated *qui tam* proceeding at Case No. 03-10641/11-10398. In its intervention motion, Cross & Bennett sought leave to file a quantum meruit fee claim. It attached to its motion a proposed complaint in intervention which purports to state a claim against Relators for unjust enrichment. *See* Docket No. 111.

On August 31, 2012, Relators filed a motion to strike Cross & Bennett's attorney lien, notice of attorney's lien, and request for escrow. *See* Docket No. 112.

On August 31, 2012, Relators also filed a detailed malpractice complaint against Cross & Bennett. The malpractice action is currently docketed in this Court at 1:12-cv-11632-RWZ. The

complaint was served on Cross & Bennett on September 11, 2012. A response to the Complaint is due on October 26, 2012.

On September 13, 2012, Relators filed their opposition to Cross & Bennett's motion to intervene. *See* Docket No. 114.

On September 14, 2012, Cross & Bennett filed its opposition to Relators' motion to strike. *See* Docket No. 115. On September 21, 2012 Relators sought leave to file a reply brief in support of their motion to strike the lien. *See* Docket No. 117. On October 2, 2012, Relators sought leave to file an amended reply brief. See Docket No. 119.

As the foregoing list of filings suggest, this Court now has before it one matter between Relators Thorpe and Hamrick and GSK and three matters between Relators and Cross & Bennett. The matter between the Relators and GSK is the retaliatory discharge claims, which are all that remain of the consolidated *qui tam* case at Case No. 03-10641/11-10398. The three matters between the Relators and Cross & Bennett are: (1) the Relators' malpractice complaint against Cross at 1:12-cv-11632-RWZ (the "Malpractice Action"); (2) Cross & Bennett's motion to intervene and file a complaint for unjust enrichment in Case No. 03-10641/11-10398 (the "Fee Claim") (Dkt Nos. 111 and 114); and (3) the dispute over the validity of Cross & Bennett's statutory attorney's lien (the "Lien Dispute") at Case No. 03-10641/11-10398 (Dkt Nos. 107, 108, 109, 110, 112, 115, 117, and 119). The Malpractice Action, the Fee Claim and the Lien Dispute all arise out of the same facts and circumstances -- that is the attorney-client relationship between Thorpe and Hamrick and Cross & Bennett -- and should be resolved in a single proceeding. The retaliatory discharge claims against GSK are entirely unrelated to the attorney-client disputes and are the only matters that legitimately belong in Case No. 03-10641/11-10398, as they were part of the Relator's *qui tam* complaint against GSK.

## **ARGUMENT**

Relators and Cross & Bennett agree that the matters in dispute between them should be consolidated. They disagree over how to do that. Relators believe that the most efficient and effective way to consolidate these matters is to consolidate the Fee Claim and the Lien Dispute into the Malpractice Action, which was the first filed complaint between the Relators and Cross & Bennett. Cross & Bennett believe that the Malpractice Action, the Fee Claim, and the Lien Dispute, comprising Colorado state law claims between the Relators and Cross & Bennett, should be consolidated into Case No. 03-10641/11-10398 with the entirely unrelated federal law retaliatory discharge claims against GSK.

Relators filed their Malpractice Action as a separate action from the retaliatory discharge claims, because it involves different parties, different facts, and different legal issues. Cross & Bennett's Fee Claim, which has not yet been filed or served, arises out of the same set of facts as the Malpractice Action. The court should thus deny Cross's motion for intervention in Case No. 03-10641/11-10398 and order Cross & Bennett to file its Fee Claim as a compulsory counterclaim to Relators' already-pending Malpractice Action. Thereafter, the court should transfer the Lien Dispute into the Malpractice Action, along with the funds to be paid into court in respect of the Lien Dispute. The Court should then consider transferring the entirety of the consolidated attorney-client dispute to the District of Colorado pursuant to 28 U.S.C. § 1404(a).

Relators filed the Malpractice Action in the District of Massachusetts for two reasons: first, Relators expected that the funds currently in dispute between the parties would soon be held in the registry of this court; second, Cross & Bennett filed a notice of intent to enforce its alleged attorney's lien here in Case No. 03-10641/11-10398. Relators were loath to initiate related litigation in a different forum, which would have made consolidation more difficult to achieve.

Relators therefore opted to file the Malpractice Action in Massachusetts, leaving to this court the decision on whether to transfer the attorney-client issues back to Colorado. For the reasons discussed below, Relators respectfully suggest the attorney-client issues should properly be heard and resolved in Colorado.

I. **THE DISPUTES BETWEEN RELATORS AND CROSS SHOULD BE CONSOLIDATED INTO THE MALPRACTICE ACTION**

   A. **The Disputes Between Relators and Cross & Bennett Should Be Consolidated**

Federal Rule of Civil Procedure 42(a) provides that a court may consolidate actions that involve common questions of law or fact:

> If actions before the court involve a common question of law or fact, the court may:
>
> (1) join for hearing or trial any or all matters at issue in the actions;
>
> (2) consolidate the actions; or
>
> (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. Rule 42(a). The First Circuit has noted that where matters involve common parties and common questions of law and fact, the motion for consolidation should be granted unless the opposing party can show "demonstrable prejudice." *Seguro de Servicio de Salud v. McAuto Systems Group, Inc.*, 878 F.2d 5, 8 (1st Cir. 1989) ("A motion for consolidation will usually be granted unless the party opposing it can show 'demonstrable prejudice.') (citation omitted). "It is appropriate to consider, when weighing the costs and benefits of consolidation, 'the convenience or inconvenience to the parties, the judicial economy, the savings in time, effort or expense and any confusion, delay or prejudice that might result from consolidation.'" *Cruickshank v. Clean Seas Co.*, 402 F. Supp. 2d 328, 341 (D. Mass. 2005).

Here the parties agree that the various disputes between Relators and Cross & Bennett should be consolidated. The form of consolidation which Cross & Bennett seeks is, however, contrary to the intent of Rule 42. Rule 42 is designed to bring related matters together for purposes of case management and trial. Cross & Bennett want to use Rule 42 to combine two entirely separate and unrelated matters under the same caption and docket number, a course of action that will lead to confusion, delay, and prejudice. By way of example, local rules require counsel to confer with other counsel prior to filing any motion. If the attorney-client disputes are consolidated with the retaliatory discharge claims, as Cross & Bennett requests, the local rules will require Thorpe and Hamrick to consult with GSK before filing a motion concerning Cross & Bennett's malpractice. Likewise, if GSK seeks to file a motion with respect to the retaliatory discharge claims, GSK will have to confer with Cross & Bennett, a firm that has not represented the Relators since 2009. ECF notices and service will have to be structured to avoid service on parties who have no interest the retaliatory discharge claims and vice versa. The court will have to take precautions to limit hearings, conferences and orders to the appropriate parties.

As counsel for Relators stated during the telephone conference on September 27, 2012, there are issues between the Relators and Cross & Bennett that may need to be discussed outside the presence of GSK, and issues between the Relators and GSK that may need to be discussed outside the presence of Cross & Bennett. Neither case should be discussed in the presence of the United States, the Medicaid Participating States, and Relators Gerahty and Burke, all of whom are still counsel of record in Case No. 03-10641/11-10398. Spending time sorting through these issues is a wasteful and unnecessary exercise. Relators have already commenced a separate proceeding, the Malpractice Action, and there is no reason why the Lien Dispute and Fee Claim

should not be consolidated into it. Indeed, the federal rules require it, as discussed more fully below.

### B. The Disputes Between Relators and Cross & Bennett Must Be Consolidated Into The Malpractice Action

Federal Rule of Civil Procedure 13(a)(1) provides as follows:

> A pleading must state as a counterclaim any claim that--at the time of its service--the pleader has against an opposing party if the claim: (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction.

The foregoing provision has been construed as establishing a first-to-file rule. It is designed to avoid multiplicity of suits arising out of a single set of facts. Stated simply, Rule 13(a)(1) requires claims arising out of facts that are already the subject of a prior-filed action, to be filed as counterclaims in the first-filed action. As one commentator has observed:

> Ideally, once a court becomes aware that an action on its docket involves a claim that should be a compulsory counterclaim in another pending federal suit, it will stay its own proceedings or will dismiss the claim with leave to plead it in the prior action. If the second court takes no action or is unaware of the prior pending claim, however, then it is within the judicial discretion of the federal court in which the first action is pending to enjoin the parties from proceeding with the second suit. Indeed, by granting an injunction in this context, the court furthers the general federal policy against multiplicity of litigation embodied in Rule 13(a) itself.

Wright, Miller & Kane, Civil 3d ed., §1418. *See also Berkshire International Corp. v. Marquez*, 69 F.R.D. 583 (E.D. Pa. 1976) (restraining subsequently filed action in Puerto Rico for failure to comply with Rule 13(a)); *Quick Container Services, Inc. v. Interpool, Ltd.*, 115 F.R.D. 59, 61 (S.D.N.Y. 1987) ("Where one party brings an initial suit for breach of contract… an adverse party may not file a subsequent action based on the same contract, unless this action was pleaded as a counterclaim in the initial suit."); *Cianbro Corp. v. Curran-Lavoie, Inc.*, 814 F.2d 7, 11 (1st Cir. 1987) ("Where identical actions are proceeding concurrently in two federal courts, entailing

duplicative litigation and a waste of judicial resources, the first filed action is generally preferred in a choice-of-venue decision.")

There can be no dispute here that Cross & Bennett's proposed complaint in intervention "arises out of the transaction or occurrence that is the subject matter of" the Malpractice Action. The Malpractice Action is filed and served. A response is due on October 26th. Cross & Bennett's complaint in intervention is not yet filed of record and is not served. Under these circumstances, Federal Rule of Civil Procedure 13(a)(1) compels Cross & Bennett to file its proposed Fee Claim as a counterclaim to the Malpractice Action and not as a complaint in intervention in the retaliatory discharge proceeding at Case No. 03-10641/11-10398.

Assuming the Court orders Cross & Bennett's Fee Claim to be filed as a counterclaim to the Malpractice Action, it will then be necessary to move the Lien Dispute, and the funds to be paid into court in respect of the Lien Dispute into that Malpractice Action, as well. That will have the effect of consolidating in one action all of the claims, issues and money arising out of the disputed attorney-client relationship between Relators and Cross & Bennett.

II.  **UNDER 28 U.S.C. § 1404(a) THE CONSOLIDATED MALPRACTICE ACTION, FEE CLAIM AND LIEN DISPUTE SHOULD BE TRANSFERRED TO THE DISTRICT OF COLORADO**

A change of venue in federal court is governed by 28 U.S.C. § 1404(a), which provides, in relevant part, as follows:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

Section 1404(a) sets forth three requirements for transfer: (1) the transferee district must be one in which the civil action could have originally been brought; (2) the convenience of the parties and witnesses must favor a transfer; and (3) the transfer must be in the interests of justice. Of

the various factors which are relevant to a § 1404 transfer motion, the two most important are the plaintiff's choice of forum and the convenience of witnesses. *Gemini Investors Inc. v. Ameripark, Inc.*, 542 F. Supp. 2d 119, 126 (D. Mass. 2008) ("Judges in this District agree that convenience of the witnesses is an extremely important, if not the most important, factor to be analyzed in determining whether to change a litigation's venue."); *Home Prods. Int'l - N. Am. v. Peoplesoft USA, Inc.*, 201 F.R.D. 42, 48 (D. Mass. 2001) ("Ordinarily, a strong presumption favors the plaintiff's choice of forum, and the burden of proving that a transfer is warranted is upon the defendant.").

Relators' decision to file their Malpractice Action in this court does not prevent them from seeking a transfer to Colorado. *Roberts Bros., Inc. v. Kurtz Bros.*, 236 F. Supp. 471, 474 (D.N.J. 1964) (holding plaintiff's choice of forum does not forestall plaintiff from seeking a change of venue when it is appropriate); *see also Philip Carey Mfg. Co. v. Taylor*, 286 F.2d 782, 784 (6th Cir. 1961) ("The right to a transfer under the statute is available to a plaintiff as well as a defendant. A plaintiff is not bound by his choice of forums, if he later discovers that there are good reasons for transfer.") As previously stated, Relators filed in this Court because the money was here and because Cross & Bennett intended to enforce its alleged attorney's lien here. Had Relators filed the Malpractice Action in Colorado, that would have resulted in multiple related proceedings pending in different courts. By filing here, Relators sought to place all related claims in Massachusetts so that this court could decide, once and for all, whether it is appropriate to transfer the attorney-client disputes back to Colorado. Relators thus acted for the convenience of all, including the court, and their choice of forum should therefore not be held against them.

Turning to the requirements for transfer under § 1404(a), it is clear that the first requirement for transfer is met in this case. The proposed transferee district, Colorado, is one

where all of the claims arising out of the attorney-client relationship could have been brought originally. The District of Colorado has personal jurisdiction over Keith Cross, Joseph Bennett, and Cross & Bennett as they are all located within that jurisdiction. Subject matter jurisdiction also exists in Colorado. Diversity jurisdiction is present there because the Relators no longer live in Colorado, and the amount in dispute exceeds $75,000. 28 U.S.C. § 1332(a)(1). Finally, venue is proper in Colorado because Cross & Bennett are present in that jurisdiction and the disputes at issue arise out of events which took place in that jurisdiction. 28 U.S.C. § 1391(b)(1) and (2).

The second requirement for transfer, convenience of the parties and witnesses, is also met in this case. The key witnesses in this matter are the parties themselves. Greg Thorpe lives in Arkansas. Blair Hamrick lives in Tampa, Florida, but plans to re-locate soon to Seattle, Washington. Keith Cross and Joseph Bennett reside in Colorado, where they practice law generally and, more importantly, where they practiced when they represented Thorpe and Hamrick. These are the primary witnesses. None of them live in or near Massachusetts.

Other possible witnesses include Erika Kelton, AUSA Sara Bloom, AUSA Edwin Winsted, and AUSA Andy Mao. Erika Kelton represents the relators Gerahty and Burke. Her office is in Washington, DC. AUSA Sara Bloom has her office in Boston. However, our understanding is that Keith Cross's primary contacts were with AUSA Edwin Winsted, who has his office in New Mexico, and AUSA Andy Mao, who has his office in Washington, DC. While Sara Bloom, Edwin Winsted, and Andy Mao would be able to testify concerning their interactions with Cross & Bennett, they would not be able to testify concerning the Government's evaluation of the relators, their claims and their respective counsel without raising difficult questions of attorney-client privilege and work-product protection, particularly with

respect to relevant portions of the Government's investigative file without which it probably would not be possible to examine them fully and fairly. In addition, there are three *qui tam* lawyers with whom Thorpe spoke shortly before Thorpe and Hamrick decided to terminate Cross & Bennett: Joel Androphy, whose firm has its offices in Houston, Texas; and Marcella Auerbach and Kenneth Nolan, whose firm has offices in Florida, California, and Pennsylvania. Of *all* the potential witnesses, only one is located in Massachusetts.

Finally, the third requirement for transfer, the interest of justice, strongly favors transfer to Colorado. This dispute between Relators and Cross & Bennett fundamentally arises from malpractice and ethical violations of Colorado attorneys, practicing in Colorado, in a case that was filed in, and managed by the District of Colorado, and which involved, at least initially, Colorado citizens. Moreover, the District of Colorado managed Relators' *qui tam* case for nine years while the case was pending in that court. By contrast, the District of Massachusetts has handled Relators case only since March 2011 after it was transferred here for settlement purposes. Case No. 03-10641/11-10398 was not assigned to Judge Zobel until September 2011. Cross & Bennett's originally filed its notice of lien in Colorado. And, it was the Colorado court that granted the motion Cross & Bennett to withdraw as counsel following a hearing on the matter. Because the District Court of Colorado is at least as familiar with the facts of the dispute as this Court, transferring the dispute between Relators and Cross & Bennett to Colorado should not delay the resolution of the matter.

The District of Colorado, unlike the District of Massachusetts, has a special interest in regulating professionals who practice in Colorado. *See e.g. Deist v. Wash. Univ. Med. Ctr.*, 385 F. Supp. 2d 772, 775 (S.D. Ill. 2005) (noting that transferee jurisdiction under § 1404(a) motion had "substantial interest" in medical malpractice case brought against two large local hospitals

which weighed in favor of transfer); *see also D'Allesandro v. Johnson & Wales Univ.*, No. 94-543-SD, 1995 U.S. Dist. LEXIS 3499, at * 13 (D.N.H. Mar. 16, 1995) ("[T]here is 'a local interest in having localized controversies decided at home,' and the appropriateness of having the trial of a case 'in a forum that is at home with the state law that must govern the case,'...."). In *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (U.S. 1947), the Supreme Court of the United States stated that the burden of jury duty ought not be imposed on a community that has no interest in the resolution of a dispute between residents of another state. In this case, Massachusetts has no interest in a dispute between Colorado attorneys and their clients involving claims for malpractice and for fees.[2] *Gulf Oil*, 330 U.S. at 508-509 ("Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation."); *see also D'Allesandro*, 1995 U.S. Dist. LEXIS 3499, at * fn. 10.

Further, the "familiarity with applicable law is a factor often considered under § 1404(a)." *Wiley v. Gerber Prods. Co.*, 667 F. Supp. 2d 171, 174 (D. Mass. 2009). The attorney-client claims at issue here are governed entirely by Colorado law. While Relators do not doubt this Court's ability to apply Colorado law, it cannot be disputed that the District of Colorado will have greater familiarity with and interest in issues affecting the practice of law in that jurisdiction, particularly a case that presents an issue of first impression under Colorado's attorney lien law, as Relators believe this one does. See Relator's motion for leave to file an amended rely brief (Dkt. No. 119).

For all of these reasons, the interest of justice strongly favors transferring the consolidated attorney-client disputes back to the District of Colorado.

---

[2] The *Gulf Oil* decision was decided under the former doctrine of *forum non-conveniens*, whose venue transfer function has been subsumed by § 1404(a). *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 722 (U.S. 1996).

## CONCLUSION

There can be no question that the attorney-client disputes between Relators and Cross & Bennett should be litigated in a single proceeding. To accomplish that, the Court should order Cross & Bennett to file their Fee Claim as a counterclaim to Relators' Malpractice Action. The Court should then transfer the Lien Dispute to that consolidated proceeding. That consolidated matter should then be transferred to the District of Colorado.

         Respectfully submitted,

         _/s/ Matthew Fogelman_
         Matthew J. Fogelman (BBO #653916)
         FOGELMAN & FOGELMAN LLC
         100 Wells Avenue
         Newton, MA 02459
         617-559-1530
         mjf@fogelmanlawfirm.com

         Of Counsel:
         William J. Leonard
         Richard P. Limburg
         Obermayer Rebmann Maxwell & Hippel LLP
         1617 John F. Kennedy Blvd.
         Philadelphia, PA  19103
         215-665-3000
         william.leonard@obermayer.com
         richard.limburg@obermayer.com

Date: October 9, 2012

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.*, GREGORY W. THORPE, *et al.*<br><br>Plaintiffs<br><br>v.<br><br>GLAXOSMITHKLINE PLC, *et al.*<br><br>Defendants | CASE NO. 03-10641-NG-RWZ<br>CASE NO. 11-10398-NG-RWZ |

**PROPOSED FORM OF ORDER**

**AND NOW**, this _____ day of _____, 2012, upon consideration of Thorpe's and Hamrick's Motion To Consolidate and Transfer, and any response thereto, it is hereby **ORDERED** and **DECREED** that said motion is **GRANTED** as follows:

1. Cross & Bennett's motion to intervene in Case No. 03-10641/11-10398 (Dkt No. 111) is denied.

2. Cross & Bennett shall file their proposed complaint in intervention as a compulsory counterclaim to Thorpe's and Hamrick's complaint at Case No. 12-11632.

3. The Clerk shall transfer the motions and briefs concerning the attorney's lien (Dkt Nos. 107, 108, 109, 110, 112, 115, 117, and 119) to Case No. 12-11632.

4. The Clerk is directed to associate all monies deposited (or to be deposited) in the Court's registry by the United States and the various states in respect of Cross & Bennett's attorney's lien with Case No. 12-11632.

4665380

5.  The Clerk shall transfer Case No. 12-11632 to the United States District Court for the District of Colorado forthwith.

BY THE COURT:

_____

Rya W. Zobel, J.