UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GREGORY THORPE and<br>BLAIR HAMRICK,<br><br>Plaintiffs,<br><br>v.<br><br>KEITH F. CROSS,<br>JOSEPH F. BENNETT and<br>CROSS & BENNETT, L.L.C.,<br><br>Defendants. | C.A. NO.1:12-cv-11632-RWZ |

## MOTION TO COMPEL DEPOSITION OF GREGORY THORPE

Cross & Bennett, L.L.C., Keith F. Cross and Joseph F. Bennett (the "Attorneys") move for an order compelling Gregory Thorpe to appear for two consecutive days of deposition on mutually convenient dates prior to March 1, 2014. Such an order by the Court is necessary because Thorpe's counsel recently claimed that due to unspecified elective surgery it is "unclear" when Thorpe will be able to appear for his deposition---but he will not be available until mid-March "at the earliest." No medical emergency was disclosed at the December 11, 2013 Status Conference and any elective procedures should be postponed by Thorpe until after he fulfills his discovery obligations in this case.

### FACTUAL AND PROCEDURAL BACKGROUND

The Attorneys represented Thorpe and Blair Hamrick ("Hamrick"), in a False Claims Act ("FCA") *qui tam* action against pharmaceutical company GlaxoSmithKline LLC ("GSK") (the "FCA Action") that resulted in them receiving a $75 million qui tam award. Notwithstanding this successful result, Thorpe claims that the Attorneys committed malpractice and that his

{00015197 }

personal recovery should have been substantially larger. To date, the Attorneys have not been paid any fees by Thorpe or Hamrick.

Discovery in this consolidated fee and malpractice dispute has been ongoing in this case for over one year and originally was scheduled to be completed by December 20, 2013. It has progressed extremely slowly because of various disputes over documents and, after 15 months, only one of the principal parties' depositions – that of Blair Hamrick – has been taken. The parties had agreed upon specific dates for the depositions of all four principal parties for November and December. Thorpe and Hamrick refused to take the depositions of Keith Cross and Joseph Bennett on the agreed-upon dates, although both Mr. Cross and Mr. Bennett were willing to appear on those dates and even made travel arrangements to do so.

On October 25, 2013, the Attorneys noticed a deposition of Gregory Thorpe to occur on December 12-13, 2013. On November 19, 2013, Thorpe's counsel indicated that Thorpe would not appear for his deposition on those dates unless the Attorneys waived their right to ask Thorpe questions at a later date about documents which were the subject of a Motion to Compel. The Motion to Compel has since been granted.

To solve this impasse, on November 25, 2013, the parties jointly moved for a Status Conference pursuant to Fed R. Civ. P. 16(a) in order to obtain the Court's assistance with establishing a timeline for completing outstanding discovery in this case, including Thrope's deposition. The Status Conference occurred on December 11, 2013 and Thorpe's lead counsel, William Leonard, was in attendance.

During the Status Conference, the parties discussed with the Court the fact that Blair Hamrick was the only principal whose deposition had been taken. The parties also discussed with the Court remaining discovery tasks to be completed in this case, including the need to

conduct depositions of Thorpe, Keith Cross and Joseph Bennett. The parties discussed with the Court the obstacles preventing them from completing Cross and Bennett's depositions, namely the fact that collateral litigation concerning a third-party subpoena pending in the District of Columbia was preventing Thorpe and Hamrick from obtaining documents they claim they need to conduct those depositions.

At the conclusion of the Status Conference, the Court ordered all fact discovery – including the remaining principal party depositions – be completed by May 1, 2014, and scheduled a Pretrial Conference for September 25, 2014.

On December 31, 2013, counsel to the Attorneys contacted counsel to Thorpe, William Leonard, to request that Thorpe appear for his deposition on February 20-21, 2014. In response, Attorney Leonard stated that Thorpe was having unspecified knee and shoulder surgery during the "first part of 2014" and that it was "unclear when he [would] be ready for a deposition but it won't be before sometime in March, at the earliest." See Exhibit A (Email from William Leonard to Thomas Greene).

At no time during the December 11 Status Conference did Thorpe's counsel disclose that his client was scheduled to undergo any medical procedures which would prevent him from appearing for his deposition in a timely matter. Moreover, in his December 31 email, Thorpe's counsel did not indicate any reason why these surgeries must proceed during the "first part of 2014." Nor has he provided an affidavit from Thorpe's physician, explained the nature of the surgeries or indicated when the condition necessitating the surgeries arose.

## ARGUMENT

The Attorneys request that the Court order Thorpe to appear for two consecutive days of deposition testimony prior to March 1, 2014. Progressive discovery has been tortuously slow and there is no reason why the principals' depositions cannot be completed during the first part

of 2014. Thorpe has been aware of the Attorneys' intent to take his deposition since the inception of this litigation. He certainly knew that his deposition was impending as of October 25, 2013, when it was noticed for December 12-13, 2013. Notwithstanding this knowledge, Thorpe apparently has decided to schedule elective surgeries for the first part of 2014 without first notifying the Court or the Attorneys of the fact that it would prevent him from timely fulfilling his discovery obligations.

There is no apparent reason why Thorpe's surgeries must be completed before he appears for his deposition testimony. The implication is that Thorpe has scheduled these surgeries in an effort to avoid fulfilling his discovery obligations and postpone resolution of this case. Moreover, completion of Thorpe's deposition is an essential prerequisite to any meaningful settlement negotiations, which the Court has recommended and the Attorneys endorse. There is every reason to believe that Thorpe, who has received tens of millions of dollars from the GSK settlement, has adopted obstruction and delay as a strategy to pressure the Attorneys, who have received no payment for over seven years of work which they performed for him. Indeed, Thorpe has been dilatory in producing documents in response to the Attorneys' First Request for Production of Documents, so much so that the Attorneys have needed to file three motions to compel, two of which have been allowed and one of which is currently pending. During his deposition on November 14-15, 2013, Hamrick testified that he desires to settle this dispute but that Thorpe has threatened to sue him if he engages in such settlement negotiations. See Exhibit B (Hamrick Deposition Transcript). This issue needs to be more fully explored before the parties can productively mediate the case.

WHEREFORE, the Attorneys request that Gregory Thorpe be ordered to appear for his deposition on two consecutive dates before March 1, 2014.

## LOCAL RULE 7.1(A)(2) CERTIFICATION

I hereby certify that, on January 2 and 8, 2014, the undersigned counsel of record for Cross & Bennett, L.L.C., Keith F. Cross and Joseph F. Bennett attempted to confer with counsel for the Plaintiffs in good faith to narrow the areas of disagreement regarding the foregoing motion but that counsel for the Plaintiffs did not respond to such attempts.

/s/ George A. Berman

Dated: January 9, 2014

Respectfully submitted,

KEITH F. CROSS,
JOSEPH F. BENNETT and
CROSS & BENNETT, L.L.C.,

By their attorneys,

/s/ George A. Berman
George A. Berman, Esq. (BBO # 040200)
Alan K. Tannenwald, Esq. (BBO # 672375)
PEABODY & ARNOLD LLP
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 02210
(617) 951-2100
gberman@peabodyarnold.com
atannenwald@peabodyarnold.com

CROSS & BENNETT, L.L.C.

By its attorneys,

/s/ Michael Tabb
Thomas M. Greene (BBO # 210020)
tgreene@greenellp.com
Michael Tabb (BBO # 497310)
matabb@greenellp.com
Sarah Godfrey (BBO # 625041)
sgodfrey@greenellp.com
Margaret N. Rosenberg (BBO # 675614)
mrosenberg@greenellp.com
GREENE LLP
One Liberty Square, Suite 1200
Boston, MA 02109
(617) 261-0040

Dated: January 9, 2014

## CERTIFICATE OF SERVICE

I hereby certify that, on January 9, 2014, this document (filed through the ECF system) will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

                                                          /s/ Alan K. Tannenwald
                                                          Alan K. Tannenwald

813611_1
14818-96630