# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

GREGORY W. THORPE, *et al.*

               Plaintiffs

v.

CROSS & BENNETT, LLC, *et al.*

               Defendants

CASE NO. 12-cv-11632-RWZ

## REPLY IN SUPPORT OF MOTION FOR STAY

Plaintiffs Gregory Thorpe and Blair Hamrick ("Plaintiffs"), and their undersigned counsel, submit this Reply in Support of their Motion For Stay, and state as follows:

1. Due to a conflict of interest that has developed between Plaintiffs that prevents undersigned counsel from continuing to represent either Plaintiff in this litigation, undersigned counsel and Plaintiffs filed a Motion For Stay on January 9, 2014 seeking a stay to this litigation pending retention of independent substitute counsel by Plaintiffs;

2. On January 10, 2014 Defendants filed a Limited Objection to Motion For Stay in which they seek an order staying the proceeding for fourteen days, and asking the Court to hold a conference at which Plaintiffs, or their substitute counsel; are ordered to attend in person the week of January 27, 2014;

3. It is the position of undersigned counsel that fourteen days is an insufficient amount of time for Plaintiffs to retain substitute counsel and for substitute counsel to be prepared to continue this litigation or meaningfully participate in a conference with the Court;

4. It is the position of Mr. Thorpe that he is medically incapable of traveling to Boston to attend the requested status conference, and that he has doctors' appointments that

conflict with the requested conference. Mr. Thorpe believes it will be impossible for him to retain substitute counsel in the time frame suggested by Defendants, and even if he could, it would be impossible for substitute counsel to continue this litigation in such a short time frame. Mr. Thorpe believes that a stay of several months will be required.

5. It is Mr. Thorpe's further position that no conference should take place with the Court until Mr. Thorpe has had an opportunity to retain substitute counsel to represent him at that conference, and that any conference before then would be prejudicial to him.

6. It is the position of Mr. Hamrick that:

a. In May, 2013 he retained independent counsel, David Chizewer of the Goldberg Kohn firm in Chicago, to serve as Mr. Hamrick's "in-house counsel" with respect to this case and to advise him on how to provide direction to his counsel in this case in a manner that was consistent with Mr. Hamrick's interests and the best interests of the case generally. Mr. Thorpe and the Obermayer firm have been aware of Mr. Chizewer's involvement from its inception.

b. Mr. Chizewer is an experienced qui tam lawyer and commercial litigator. Although he has appeared before this District Court, he is not admitted in Massachusetts. He is currently in discussions with Mr. Hamrick about the feasibility of becoming Mr. Hamrick's counsel of record with responsibility for litigating this case on behalf of Mr. Hamrick *pro hac vice*. Before making any decisions in that regard, and before any ensuing stay is lifted, Mr. Chizewer would like permission to appear before this Court with Mr. Hamrick in person to discuss the most efficient way for this case to proceed in light of undersigned counsel's conflict.

Wherefore, Plaintiffs and undersigned counsel respectfully requests that this Court grant the Motion For Stay and stay this litigation, including all existing deadlines, pending Plaintiffs' retention of substitute counsel.

Respectfully Submitted,

 /s/ William J. Leonard
William J. Leonard (*Pro Hac Vice*)
Richard P. Limburg (*Pro Hac Vice*)
Michael F. Eichert (*Pro Hac Vice*)
Alex P. Basilevsky (*Pro Hac Vice*)
OBERMAYER REBMANN
MAXWELL & HIPPEL LLP
1617 John F. Kennedy Blvd.
Philadelphia, PA 19103
215-665-3000

Matthew J. Fogelman (BBO #653916)
FOGELMAN & FOGELMAN LLC
100 Wells Avenue
Newton, MA 02459
617-559-1530
mjf@fogelmanlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 15, 2014, this document (filed through the ECF system) will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

/s/<br>
Alex. P. Basilevsky